IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**WENDALL JERMAINE HALL,**

    **Plaintiff,**

vs.                                                                       Case No. 4:12cv315-RH/CAS

**KENNETH TUCKER,**

    **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, sought to initiated a civil rights action in this Court under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff filed a motion seeking leave to proceed in forma pauperis.  Doc. 2.  Review of this case as is required by 28 U.S.C. § 1915A reveals that Plaintiff is not entitled to in forma pauperis status.

Plaintiff is a frequent filer in the federal courts.  Judicial notice is taken that Plaintiff initiated case 3:00cv764 in the Middle District of Florida; the case was dismissed without prejudice because Plaintiff did not truthfully complete the complaint form and failed to acknowledge several cases he had filed.  That dismissal counts as a "strike" under 28 U.S.C. § 1915(e), as it was dismissed as an abuse of the judicial process.  Doc. 5, case 3:00cv764, *citing* <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11th Cir. 1998).  Plaintiff also initiated case 3:06cv126 in the Middle District of Florida, and that

case was dismissed sua sponte because Plaintiff did not exhaust administrative remedies prior to filing the case. Doc. 9, case 3:06cv126. A dismissal on exhaustion grounds falls within the category of failure to state a claim upon which relief may be granted. <u>Rivera</u>, 144 F.3d at 731. Additionally, Plaintiff sought to initiate case 3:06cv256 in the Middle District, but that case was immediately dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff had accumulated three or more strikes (cases dismissed pursuant to reasons enumerated in 28 U.S.C. § 1915(e)). Doc. 4, case 3:06cv256.

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. Comparison of Plaintiff's inmate number reveals that this is the same Plaintiff who filed cases in the Middle District. The dismissal of case 3:06cv256 also reveals that Plaintiff is well aware that he cannot proceed under the in forma pauperis statute absent allegations that he is under imminent danger of serious physical injury. In this case, Plaintiff has named only the Secretary of the Department of Corrections as a Defendant. Plaintiff is not in danger of physical injury by the Secretary, despite his conclusory allegation that he "is in imminent

danger of serious physical harm or injury or harm to his health." Doc. 1, at 14. Plaintiff's challenge in this case is to the amount of soy in the prison meal plan. His claim of imminent danger is an effort to proceed under the in forma pauperis statute, but is not sufficient to do so. Plaintiff's allegations do not bring him within the "imminent danger" exception.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis must be denied and this action should be dismissed without prejudice. If Plaintiff desires to refile this case and present these same allegations, Plaintiff must pay the full amount of the filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on July 5, 2012.


S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv315-RH/CAS